STATE OF MAINE                              SUPERIOR   COURT
PISCATAQUIS, SS.                            CIVIL ACTION
                                            DOCKET NO CV-16-1

LORNA PORTER,

        Plaintiff,
    v.                                      ORDER
MOOSEHEAD HIGHLANDS ROAD
MAINTENANCE PROPERTY
OWNERS ASSOCIATION,

        Defendant.


Hearing was completed on January 22, 2018. The plaintiff was present and represented by counsel, Pasquale J. Perrino, Esq., while the defendant was present through a representative and represented by counsel, Donald Lawson-Stopps, Esq.


A. **Background**

This is a dispute between a property owner and a road maintenance association in which the plaintiff asked the Court to issue a declaratory judgment that determines whether she is exempt from the defendant's annual maintenance fee, and if not, order the defendant to maintain the road used to access her Ridge Parkway residence in exchange for paying the annual fee. She also requests that liens the defendant placed on her property be removed and that she be credited with sums she has spent to maintain her road against any annual fee arrearage. The defendant has answered and counterclaimed, asking the Court to declare that plaintiff has been required to pay the annual maintenance fee since the year 2000, and to order that plaintiff pay the sums due, costs of collection, and attorney fees.

Earlier in the litigation, the parties filed motions for summary judgment concerning the legal issue of whether the plaintiff was required to pay the annual fee. The

PISCATAQUIS JUD CTR
MAY 30 '18 PM 12:00

Court ruled that because she owned a lot that was subject to the Declaration of Restrictions that created the Association[1], the plaintiff was subject to paying the annual fee. Because a genuine issue of material fact existed concerning whether the Association fulfilled its obligation to maintain Ridge Parkway, the Court denied summary judgment as to amounts due.

B. **Facts**

After hearing, the Court makes the following factual findings:

1.  Plaintiff purchased her property at 18 Ridge Parkway in 1996.

2.  Defendant did not send plaintiff annual bills or assessments for the annual fee until 2012.

3.  Although Plaintiff was aware of the Declaration of Restrictions, she did not pay the annual fee. The first attempt to collect an annual fee was in the year 2008 when an attorney for the Association wrote her a letter demanding payment. The present collections effort was commenced in 2012 when defense counsel wrote a letter demanding payment, filed a lien on plaintiff's property, and began to send an annual notice of the assessment. Plaintiff has still not paid any sums toward annual fees, although she has spent over $3,000 to maintain Ridge Parkway.

4.  In fact, the Moosehead Highlands Road Maintenance Property Owners Association has not maintained Ridge Parkway by plowing in the winter, grading when appropriate, or engaging in any other meaningful activities

---

[1] In the Declaration of Restrictions, Moosehead Highlands Inc. (Highlands), the original developer, created the entity that was to maintain the common rights of way. The homeowners were required to pay a fee for that purpose to Highlands. Later, by the Second Amendment to Declaration of Restrictions, Highlands created the defendant Property Owners Association to fulfill the maintenance responsibilities.

that could be construed as maintenance. The Court believes plaintiff's testimony on this issue and notes that her testimony is supported by the Association's establishment at a September 12, 2000 meeting of an annual fee of $100, based on an estimate for all roads owned by the association "with the exception of Ridge Parkway."

### C. Analysis

The incorporation of a declaration into the lot owners' deeds under these circumstances creates enforceable contractual rights between the lot owners and developer. *Alexander v. Fairway Villas*, 719 A,2d 103, 105 (Me. 1998). One cannot recover sums not paid under a contract "if the non-paying party rightfully withheld payment because the party seeking damages has materially breached the contract. *Island Terrace Owners Ass'n v. Unit 91*, 2012 Me. Super. LEXIS 192, citing Restatement (Second) Contracts § 237 (1981). A material breach is non-performance that is so important that the other party is justified in regarding the transaction as having ended. *Cellar Dwellers Inc. v. D'Alessio*, 2010 ME 32, ¶ 16, 993 A.2d 1. Whether or not there has been a material breach is a question of fact. *Jenkins v. Walsh Bros.*, 2001 ME 98, ¶ 13, 776 A.2d 1229.

According to paragraph 19 of the Declaration of Restrictions, "(I)n order to maintain any ... rights of way as may now of hereafter be laid out in the subdivision, the owner of each lot ... agrees : (a) to pay annually to Moosehead Highlands, Inc. ... within thirty (30) days after the same has been billed, such proportionate yearly charge as may be necessary and appropriate for the maintenance of said common facilities or rights of way ..." The Second Amendment to the Declaration states that its purpose is the "maintenance, repair, and improvement of the roads serving the Lots..." (which includes the Porter lot). These provisions does not contemplate maintaining the rights

of way as may now or hereafter be laid out in the subdivision except for the one leading to 18 Ridge Parkway. The Court construes the provision as requiring the Association to maintain all of the rights of way in the development and, in return, all property owners must pay the annual fee. The Court also finds that the Association's breach is material and preceded the plaintiff's failure to pay an annual fee. For the first four years after the Porters purchased their lot the Association' nonprofit corporation status was under suspension and it was unable unable to transact business. Following its revival in the year 2000 the Association clearly demonstrated its intent not to maintain Ridge Parkway at the September meeting and furthermore failed to submit any annual billing demanding payment of the fee as contemplated by the declaration.

The Court's Order is:

Henceforth plaintiff is required to pay the annual fee as set by the Association and The Moosehead Highlands Road Maintenance Property Owners Association is required to maintain Ridge Parkway. The defendant must immediately remove any liens that it has filed on plaintiff's property and plaintiff owes no money to the defendant. Neither side is awarded attorney fees. The plaintiff is not entitled to an award because there is no statute or principle authorizing payment by the opposing party, and defendant is not entitled because the Court does not consider the defendant as having prevailed.

Dated: May 24, 2018

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT